Ali v. Sessions

BIA
Poczter, IJ
A206 225 077

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand seventeen.

PRESENT:
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
CHRISTOPHER. F. DRONEY,
*Circuit Judges.*

_____

MOHAMMED ALI,
*Petitioner,*

v.                                             16-2853
                                               NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Briena L.
                         Strippoli, Senior Litigation
                         Counsel; John M. McAdams, Jr.,
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammed Ali, a native and citizen of Bangladesh, seeks review of an August 8, 2016, decision of the BIA affirming a July 29, 2015, decision of an Immigration Judge ("IJ") denying Ali's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammed Ali,* No. A206 225 077 (B.I.A. Aug. 8, 2016), *aff'g* No. A206 225 077 (Immig. Ct. N.Y. City July 29, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . the consistency between the applicant's or witness's written and oral statements . . .

2

and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64 & n.2. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, substantial evidence supports the adverse credibility determination. The agency reasonably relied on discrepancies between the letters Ali submitted from fellow Bangladesh Nationalist Party ("BNP") members and their accompanying translations. *See id.* at 166-67. The letters were dated as prepared after the accompanying translations, calling into question the validity of the letters. When asked to explain, Ali attributed the discrepancy to a translation error and explained that his cousin had corrected the translations. The IJ was not required to accept this explanation, as there was no evidence from Ali's cousin in the record, nor any information about the translation process. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his

3

testimony." (internal quotation marks and citations omitted)). The IJ reasonably determined that the letters—which were submitted to prove Ali's political activities—undermined his claim of persecution on account of his political opinion. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner.").

The adverse credibility determination is further bolstered by Ali's omission from his application of his first attempt to flee to the United States while in hiding in Bangladesh. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent." (citation omitted)); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal quotation marks and citations omitted)). The agency was not required to credit Ali's explanation that no one asked him about his prior attempt to enter the United States, given that his application covers the relevant time period and the omission calls into question his fear of harm and whether he

was in hiding both before and after that first departure. *Majidi*, 430 F.3d at 80-81.

Finally, the agency's demeanor finding provides further support for the adverse credibility determination. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("In reviewing adverse credibility determinations, we give particular deference to those that are based on the adjudicator's observation of the applicant's demeanor." (internal quotation marks, brackets, and citations omitted)). Moreover, the record supports the IJ's conclusion that Ali's testimony was nonresponsive and evasive on cross examination. *Id.* ("[T]he IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause." (internal quotation marks and citation omitted)).

Given the discrepancy that called into question the validity of Ali's corroborating evidence and his political activities, the omission of his first attempt to flee Bangladesh, and the IJ's demeanor finding, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal,

5

and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk